CAMPBELL, Acting Chief Judge.
Appellant, Emerald Oaks, challenges the issuance of a “conditional” rated nursing home operating license issued by appellee, Agency for Health Care Administration (Agency). We affirm.
Emerald Oaks is a 120-bed nursing home in Sarasota. The Agency, pursuant to chapter 400, Florida Statutes (1997), is responsible for ensuring compliance with applicable state and federal regulations governing nursing homes. The Agency conducted an inspection of Emerald Oaks on August 3, 1998, and as a result, cited a number of deficiencies regarding five patients which, if proved, qualified as Class II deficiencies resulting in the issuance of a mandatory “conditional” license. Because the finding of only one Class II deficiency is sufficient to require a standard license to be downgraded to “conditional,” we affirm as we find that sufficient, competent evidence was presented to support the findings of Class II deficiencies in regard to at least two of the five patients.
In addition to issues regarding the sufficiency of the evidence, Emerald Oaks argues that the burden of demonstrating that a patient’s pressure sore was “unavoidable” was improperly shifted to Emerald Oaks. We disagree, concluding that the federal rule applicable to the quality of care necessary to prevent pressure sores mandates that a nursing home facility demonstrate that a pressure sore developed by a patient after entering the facility was unavoidable.
42 C.F.R. § 483.25(c) provides in pertinent part as follows:
Sec. 483.25 Quality of care.
⅜ ⅝ ⅝ ⅜ ⅜
(c) Pressure sores. Based on the comprehensive assessment of a resident, the facility must ensure that-
(1) A resident who enters the facility without pressure sores does not develop pressure sores unless the individual’s clinical condition demonstrates that they were unavoidable; and
(2) A resident having pressure sores receives necessary treatment and services to promote healing, prevent infection and prevent new sores from developing.
(Emphasis supplied.)
We therefore conclude that the Agency in a license reduction hearing has the burden to show that a patient developed a pressure sore after entering the facility without a pressure sore. Once the Agency has proved that fact, it then becomes necessary for the facility to go forward, in the nature of an affirmative defense, with proof to demonstrate that the pressure sore was unavoidable.
Affirmed.
THREADGILL and BLUE, JJ., Concur.